***EFILED***
Case Number 2021L 000907
Date: 7/30/2021 2:46 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| DONALD WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: 2021L 000907 |
| v. ) | |
| ) | |
| TOTAL RENAL CARE, INC., ) | |
| A/K/A DAVITA MARYVILLE ) | |
| DIALYSIS, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Donald Wells, by and through his attorneys, Hipskind & McAninch, LLC, and complaining of the Defendant, DaVita Dialysis, alleges as follows:

1. On or about January 30, 2021, the Plaintiff, Donald Wells was lawfully upon the premises known as DaVita Maryville Home Dialysis located at 2102 Vadalabene Drive, Maryville, Madison County, State of Illinois.

2. Upon Information and belief, on or about the aforementioned date, the Defendant, Total Renal Care, Inc., owned, possessed, operated, managed, controlled, leased and maintained or had the duty to operate and manage, control and maintain the DaVita Dialysis premises located at 2102 Vadalabene Drive, Maryville, Illinois, referred to herein as DaVita Maryville.

3. At the aforesaid time and place, the Defendant, was under a duty to keep and maintain the premises in a reasonably safe condition for the safety of its patrons, in particular, the Plaintiff.

4. At all relevant times herein, a sidewalk was in front of said business and said premises, and said sidewalk was intended for the benefit and use of the general public, including the plaintiff, in part, to walk upon while going to and from their vehicles in the

parking lot and said business.

5. At the aforesaid time and place, while walking out of DaVita Maryville the Plaintiff was caused to fall due to an unnatural accumulation of ice while walking towards the entrance.

6. On and for some period of time prior to the Plaintiff's injury on January 30, 2021, the Defendant knew or should have known of the existence of said conditions present on said premises.

7. On and for some period of time prior to the Plaintiff's injury on January 30, 2021, said conditions presented an unreasonable risk of harm of persons walking upon said sidewalk.

8. On January 30, 2021, and for some time prior to the occurrence complained of, an unnatural accumulation of ice was present on said sidewalk.

9. Notwithstanding its duty at said time and place, the Defendant then and there committed one or more of the following careless and negligent acts and/or omissions, thus breaching its duty toward plaintiff:

    a. Carelessly and negligently failed to adequately inspect said sidewalk;

    b. Carelessly and negligently failed to adequately maintain said sidewalk;

    c. Carelessly and negligently, caused, allowed, and/or permitted a portion of such sidewalk to unnaturally accumulate with ice and snow;

    d. Carelessly and negligently failed to give timely and sufficient warning of the dangerous conditions of said sidewalk;

    e. Carelessly and negligently allowed and/or permitted portion of sidewalk to become depressed or uneven;

    f. Carelessly and negligently failed to warn of the presence of said ice on said sidewalk;

  g. Carelessly and negligently failed to adequately remove ice on said sidewalk;

  h. Carelessly and negligently failed to provide a safe means of ingress and egress;

  i. Carelessly and negligently failed to provide adequate lighting for said sidewalk; and

  j. Failed to call and request that anyone to have the sidewalk de-iced.

  k. Carelessly and negligently designed or maintained the premises to allow for the unnatural accumulation of ice and snow;

10. As a direct and proximate result of one or more of the aforesaid careless, and negligent acts and/or omissions of the Defendant, Plaintiff Donald Wells was caused to was caused to slip on the unnatural accumulation of ice in the area of the sidewalk causing him serious personal injuries.

11. As a direct and proximate result of the aforesaid, careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was and will be hindered and prevented from attending to his usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, Donald Wells prays for judgment in his favor and against the Defendant, DaVita Maryville Home Dialysis, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of suit.

Respectfully Submitted,

**HIPSKIND & McANINCH, LLC**

By: /s/ Brady McAninch
John T. Hipskind, #6296743
Brady M. McAninch, #6306542
5111 West Main Street
Belleville, IL  62226
P: 618-641-9189
F: 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
brady@hm-attorneys.com
*Attorneys for Plaintiff*

## RULE 222 AFFIDAVIT

| | |
|---|---|
| STATE OF ILLINOIS | )  |
|  | )   SS. |
| COUNTY OF MADISON | ) |

Brady McAninch, being first duly sworn upon his oath, deposes and states that the damages sought herein exceed fifty-thousand ($50,000.00).

/s/ Brady McAninch

4